NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13848


PAUL J. LOMBARDI, JR. vs. COMMONWEALTH.


February 3, 2026.


Supreme Judicial Court, Superintendence of inferior courts.



The petitioner, Paul J. Lombardi, Jr., appeals from a
judgment of a single justice of this court denying, without a
hearing, his petition for relief under G. L. c. 211, § 3.  We
affirm.

The petitioner has been charged in the District Court with
operating while under the influence of liquor and other
offenses.  He moved to dismiss the charges on the ground that
the police officer who stopped his vehicle and arrested him was
acting outside the officer's territorial jurisdiction.  A
District Court judge denied the motion to dismiss, and the
petitioner sought relief under G. L. c. 211, § 3, from that
ruling.  The single justice denied relief without addressing the
merits.

The petitioner has filed a memorandum and appendix pursuant
to S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001),
which requires the petitioner to "set forth the reasons why
review of the trial court decision cannot adequately be obtained
on appeal from any final adverse judgment in the trial court or
by other available means."  The petitioner has not met his
burden.  Except where a defendant raises a double jeopardy claim
of substantial merit, which is not the case here, "[t]he denial
of a motion to dismiss in a criminal case is not appealable
until after trial, and . . . G. L. c. 211, § 3, may not be used
to circumvent that rule."  Wallace v. Commonwealth, 492 Mass.
1012, 1012, 1013 n.5 (2023), quoting Soucy v. Commonwealth, 470

Mass. 1025, 1025 (2015).  If the petitioner is convicted of any offense, he will have the opportunity to raise his claim on direct appeal.  See Commonwealth v. Savage, 430 Mass. 341, 347 (1999) (reversing conviction of operating while under influence due to extraterritorial arrest).  Because the petitioner has this remedy in the ordinary appellate process, he is not entitled to extraordinary relief under G. L. c. 211, § 3.

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.

Peter E. Padula for the petitioner.